CHANDLER, J.,
for the Court.
¶ 1. Lee A. Nelson was convicted of possession of cocaine by a Pike County Circuit Court jury and sentenced to a term of four years in the custody of the Mississippi Department of Corrections. As part of its case against Nelson, the State called Norma Parnell, a witness who testified that Nelson was at the scene of a drug transaction five months prior to the event that led to his arrest and conviction. Nelson, appeals, raising the following issue:
DID THE TRIAL COURT ERR IN THE ADMISSION OF PARNELL’S TESTIMONY?
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On the evening of July 3, 2002, while on routine patrol, Southwest Narcotics Task Force agents Scott Thompson and Troy Floyd stopped Lee Nelson for failing to signal a right turn. Parnell was driving a 1993 Buick Regal. Deputy Floyd proceeded towards the driver’s side of Nelson’s car. When Deputy Floyd approached the rear of the vehicle, Thompson came up behind him because Deputy Floyd had drawn his weapon. The two men shined their flashlights into Nelson’s car. Thompson saw Nelson “drop something in the center console.” After Nelson was ordered to exit the car, what was described as a crack cocaine “pipe” was found on the floor of the passenger side of the vehicle and a plastic bag containing a substance that appeared to be crack cocaine was found in the console. A field test performed on the substance at the scene was positive for the presence of cocaine. Nelson was arrested and charged with possession of cocaine. Miss.Code Ann. § 41-29-139 (Rev.2001). A check that was run on the vehicle Nelson was driving identified the owner of the vehicle as Norma Parnell.
¶ 4. Nelson took the witness stand at trial. His defense was that he was merely borrowing the vehicle to make a trip to the store and therefore had no knowledge of the contents in the car.
*267 ¶ 5. The State called Parnell to testify at trial. Immediately after Parnell was sworn in as a witness, the court excused the jury at Nelson’s attorney’s request. Thereafter, Parnell gave her testimony, outside the presence of the jury.
¶ 6. Parnell testified that she knew both Nelson and Hosea Walker, who were also friends with each other. Parnell testified that in January or February of 2002, she had pawned her 1993 Buick Regal to Walker for crack cocaine. To complete this transaction, she drove the car to a house on Elmwood Street, where she met Walker and Nelson. Walker told Parnell that Nelson would drive her home and then return the car to him. In reality, Nelson drove Parnell home and departed, still driving her car. Parnell did not see her car again until she and her husband picked it up from the police station after Nelson was arrested.
¶ 7. After Parnell testified outside the presence of the jury, Nelson’s attorney objected to allowing the jury to hear the evidence, on the grounds that the transaction that occurred in January or February of 2002 was so prejudicial that it should be excluded. M.R.E. 403. The State argued that the testimony was essential, because the testimony was proof that Nelson exercised dominion and control over the vehicle at the time of his arrest, a crucial element in helping to establish the State’s charge that Nelson was in possession of the cocaine.
¶ 8. Following a proffer of Parnell’s testimony outside the presence of the jury, the trial court ruled that the testimony would be allowed. After Parnell testified in the presence of the jury, the court instructed the jury as follows:
Ladies and gentlemen of the jury, it is not alleged nor should you consider that this defendant, Mr. Nelson, had anything to do with the sale of crack cocaine [in early 2002] that you have just heard testimony about. There is no proof that he did.
You are specifically instructed to disregard that testimony insofar as any proof of guilt of this defendant as to what occurred on the third day — I think it was the third day of July of 2002.
ANALYSIS
DID THE TRIAL COURT ERR IN THE ADMISSION OF PARNELL’S TESTIMONY?
¶ 9. This Court’s standard of review for the admission or exclusion of evidence is abuse of discretion. Harrison v. McMillan, 828 So.2d 756, 765 (¶27) (Miss.2002) (citing Floyd v. City of Crystal Springs, 749 So.2d 110, 113 (¶ 12) (Miss.1999)).
¶ 10. Our courts have held that the prosecution has “a legitimate interest in telling a rational and coherent story of what happened” and may present its case “even though it may reveal or suggest other crimes.” Mackbee v. State, 575 So.2d 16, 28 (Miss.1990). The judge considered the evidence in light of M.R.E. 403 and allowed Parnell’s testimony because it was relevant to show how Nelson came into possession of the car, thereby helping to establish that Nelson was in possession of the cocaine. The evidence concerning Nelson’s role in pawning the vehicle was essential to allow the State to counter Nelson’s testimony that he had only borrowed the car and had no knowledge of anything found in the car. In addition, the judge instructed the jury to consider Parnell’s evidence only for the purpose of proving that Nelson had dominion and control of the car. The admission of Parnell’s testimony was a proper exercise of discretion by the trial court.
*268 ¶ 11. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.